IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN FEINGOLD | : | CIVIL ACTION |
| and PHILLIP GODDARD | : | NO. 11-6309 |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE COMPANY | : | |

O'NEILL, J.                                                                                                  APRIL 3, 2012

## MEMORANDUM

Plaintiffs Allen Feingold and Phillip Goddard have sued defendant State Farm Mutual Automobile Insurance Company over State Farm's handling of Goddard's claim for benefits. I now have before me State Farm's motion to dismiss plaintiffs' Amended Complaint. For the reasons that follow, I will grant in part and deny in part defendant's motion.

## BACKGROUND

Plaintiffs allege the following facts in their Amended Complaint. On August 6, 1998, Goddard was involved in a motor vehicle accident that occurred due to the negligence of an uninsured or underinsured driver. Am. Compl. at ¶¶ 7-8. Goddard suffered injuries as a result of the accident and made a claim under the uninsured motor vehicle provision of his State Farm policy. Id. at ¶¶ 7-10. He retained Feingold, who was then an attorney, to represent him in his claim. Id. at ¶ 10. State Farm refused to pay benefits or appoint an arbitrator to adjudicate Goddard's claim. Id. at ¶ 11. Feingold then filed a motion to compel arbitration in the Philadelphia County Court of Common Pleas. Id. at ¶ 12. Eventually, a neutral arbitrator from Delaware was selected. Id. at ¶ 16. State Farm then demanded that Goddard undergo a physical examination, but State Farm "never followed through" on arrangements for the exam. Id. at ¶ 17.

The Amended Complaint does not specify when the medical exam fell through. In December, 2010, however, Goddard was represented by new counsel and attempted to schedule an arbitration hearing. Id. at ¶ 18. State Farm refused to proceed with arbitration, maintaining that the statute of limitations period on Goddard's claim had expired. Id. at ¶ 19.

Feingold and Goddard assert claims for breach of contract and bad faith in violation of 42 Pa. Cons. Stat. § 8371. Nowhere does the Amended Complaint allege that Feingold had a contractual relationship with State Farm.

State Farm presently moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). State Farm's motion also notes that Feingold has been disbarred. The case law shows that Feingold was in fact disbarred in 2008. See Feingold v. Office of Disciplinary Counsel, 415 Fed. App'x 429, 430 (3d Cir. 2011).[1]

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

---

[1] In deciding a motion to dismiss, I may rely on matters of public record. See Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950. The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

    Rule 12(b)(3) allows a party to dismiss an action for improper venue. "All well-pleaded

allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the Court may examine facts outside the complaint to determine proper venue." Holiday v. Bally's Park Place, Inc., No. 06-4588, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007). The movant bears the burden of establishing improper venue. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

## DISCUSSION

I.     Feingold's Claims

State Farm avers that Feingold lacks standing to pursue claims against it. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). The plaintiff's injury must be "actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). The Amended Complaint alleges that "Feingold has been deprived of his counsel fees and costs" as a result of State Farm's bad faith. Am. Compl. at ¶ 28. Feingold's alleged deprivation of fees and costs is highly conjectural, as Goddard's uninsured motorist claim was never decided. Additionally, Pennsylvania's bad faith statue applies only where "the insurer has acted in bad faith toward the insured." Pa. Cons. Stat. § 8371 (emphasis added). The Pennsylvania Supreme Court has explained that the statute "only permits a narrow class of plaintiffs to pursue the bad faith claim against a narrow class of defendants." Ash v. Cont'l Ins. Co., 932 A.2d 877, 882 (Pa. 2007). An insured's disbarred former attorney surely does not fall within the narrow class of individuals who may pursue a statutory bad faith claim. Accordingly, Feingold lacks standing to bring his own statutory bad faith claim.

With respect to Feingold's claim for breach of contract, the Amended Complaint includes the conclusory allegation that "Feingold was . . . a beneficiary of" the contract between State Farm and Goddard. Dkt. No. 3 at ¶ 31. The Pennsylvania Supreme Court has held

> that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Scarpitti v. Weborg, 609 A.2d 147, 150-51 (Pa. 1992) (citations omitted). The Amended Complaint alleges no facts showing that Feingold was a third party beneficiary to Goddard's contract with State Farm. Moreover, it is implausible that State Farm intended Feingold to benefit from its automobile insurance contract with Goddard or that recognition of Feingold's interest "is appropriate to effectuate the interest of the parties." Id. at 150. Feingold therefore lacks standing to bring his own claim for breach of contract.

In his opposition to State Farm's motion, Feingold alleges new facts in an attempt to establish his standing. But these allegations would not establish Feingold's standing even if he included them in the Amended Complaint. First, Feingold maintains that he is a "judgment creditor" with respect to State Farm by virtue of the time he has spent handling Goddard's claim. Dkt. No. 5 at 8. This argument fails because no judgment has yet been entered against State Farm.

Second, Feingold avers that Goddard assigned to him a forty percent interest in Goddard's claims against State Farm for breach of contract and bad faith. Feingold has

employed this tactic in an attempt to establish standing in another case in this Court, but to no avail. See Feingold v. Liberty Mut. Grp., --- F. Supp. 2d. ---, 2012 WL 627966, at *4 (E.D. Pa. Feb. 28, 2012) (concluding that former client's purported partial assignment of bad faith claim under 42 Pa. Cons. Stat. § 8371 to Feingold is void because such claims are not assignable). I agree with Judge Bartle and find that Feingold's statutory bad faith claim is an unliquidated tort claim that is unassignable under Pennsylvania law. But an insured's claim against an insurer for breach of contract is generally assignable. See Brown v. Candelora, 708 A.2d 104, 112 (Pa. Super. Ct. 1998). Accordingly, I must determine whether there are any impediments to Goddard's partial assignment of his breach of contract claim to Feingold in this particular case.

This assignment, which would allow Feingold to proceed as a disbarred attorney alongside his former client, raises important public policy concerns. The Pennsylvania Rules of Disciplinary Enforcement, adopted by the Supreme Court of Pennsylvania, expressly prohibit disbarred attorneys from engaging in certain types of conduct, among them:

> (iii) performing any law-related services for any client who in the past was represented by the formerly admitted attorney;
> . . .
> (v) having any contact with clients either in person, by telephone, or in writing, except [to discuss ministerial matters];
>
> (vi) rendering legal consultation or advice to a client;
> . . .
> (ix) negotiating or transacting any matter for or on behalf of a client with third parties or having any contact with third parties regarding such a negotiation or transaction.

Pa. R.D.E. 217. In the present case, Feingold has signed every one of plaintiffs' filings in this Court. In most instances Goddard has co-signed the filings, but in one instance Feingold is the only person who signed a brief arguing the merits of his and Goddard's claims. See Dkt. No. 9.

6

Feingold has also submitted correspondence on his letterhead on behalf of himself and Mr. Goddard to the Court and to counsel for State Farm. He even goes so far as to refer to himself as "counsel" who is entitled to attorney fees on Goddard's statutory bad faith claim. See Dkt. No. 5 at 17. Feingold's conduct plainly runs afoul of the Rules of Disciplinary Enforcement regarding disbarred attorneys.

Feingold attempts to remain in this case by virtue of a forty percent assignment from Goddard that essentially creates a contingency fee arrangement without calling it so. If the partial assignment were allowed to stand, Feingold would continue performing legal services for his former client in violation of the Rules of Disciplinary Enforcement. This assignment, therefore, violates Pennsylvania policy concerning disbarred attorneys. A contract is void if it would run afoul of public policy. See Am. Ass'n of Meat Processors v. Cas. Reciprocal Exch., 588 A.2d 491, 496 (Pa. 1991) (noting that "the courts of this Commonwealth will not be used to enforce contracts which violate public policy; such contracts are void and the law will have nothing to do with them"). Accordingly, I deem the purported partial assignment of Goddard's claims to Feingold void. See also Goings v. Black, 164 N.E.2d 925, 927 (Ohio Ct. Com. Pl. 1960) (refusing to recognize partial assignment of claim to disbarred attorney and noting that "such an assignment for reasons which are almost too numerous to mention, obviously is against public policy and unenforceable").

In sum, Feingold lacks standing to assert claims against State Farm. I will therefore grant State Farm's motion to dismiss Feingold's claims.

II.     Goddard's Claims

A.      Venue

State Farm argues that I should dismiss this action under Rule 12(b)(3) for improper venue, reasoning that a forum selection clause in Goddard's policy requires that this case be tried in Delaware.  "If venue is proper but a forum selection clause points to another venue, a court may dismiss the claim pursuant to a 12(b) motion."  Thomas-Brady v. Liberty Mut. Fire Ins. Co., No. 11-2281, 2011 WL 6150643, at *1 (E.D. Pa. Dec. 12, 2011).  The clause at issue, however, appears in a section of the policy entitled "Uninsured Motor Vehicle" that describes coverage for accidents with uninsured drivers.  Dkt. No. 4 at 59.  The section includes a subsection entitled "Deciding Fault and Amount" and provides that "[t]wo questions must be decided by agreement between the insured and [State Farm]:  1)  Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and 2)  If so, in what amount?"  Id. at 60 (emphasis omitted).  The policy further states that if State Farm and the insured cannot agree on the answers to these two questions, their dispute shall be decided by an arbitration to "take place in the county in which the insured resides unless the parties agree to another place."  Id. (emphasis omitted).  The parties agree that Goddard resides in Delaware.

By its terms, the policy's forum selection clause is limited to arbitrations that decide the insured's entitlement to damages from an uninsured driver and the extent of those damages.  The present litigation concerns issues that do not fall within the scope of the forum selection clause: namely, whether State Farm acted in bad faith or breached its contract with Goddard.  Accordingly, the policy's forum selection clause does not apply to this case.  I will therefore deny State Farm's motion to dismiss for improper venue.

B.     Action Pending in Another Forum

Alternatively, State Farm argues that I should dismiss the Amended Complaint pursuant to Rule 12(b)(6) on the ground that the arbitration in Delaware between Goddard and State Farm was never resolved and is still technically pending.  None of the authority to which State Farm cites supports its position that the pendency of a related proceeding in some other forum requires dismissal under Rule 12(b)(6).  Moreover, the Court of Appeals has explained that "the pendency of proceedings in state court does not normally bar litigation in federal court of the same issues." Nat'l City Mortg. v. Stephen, 647 F.3d 78, 84 (3d Cir. 2011).  Here, the issues pending in the Delaware arbitration are not the same or even similar to the issues before me in this case.  The Delaware arbitration concerns Goddard's entitlement to benefits pursuant to the uninsured motorist provision of his insurance policy.  The present action, on the other hand, concerns whether State Farm acted in bad faith or breached its contract with Goddard.  Accordingly, I will deny State Farm's motion to dismiss on the ground that the uninsured motorist arbitration is still pending in Delaware.

C.     Failure to State a Claim Upon Which Relief Can Be Granted

Finally, State Farm argues that I should dismiss Goddard's claim for bad faith in violation of 42 Pa. Cons. Stat. § 8371 because the law of Delaware, not Pennsylvania, applies to this case. A choice of law analysis in deciding a motion to dismiss is problematic because of the fact-intensive inquiry such an analysis generally requires.  See Children's Hosp. of Phila. v. Horizon NJ Health, No. 07-5061, 2008 WL 4330311, at *7 (E.D. Pa. Sept. 22, 2008) (noting that "a motion to dismiss does not present an appropriate forum for a choice of law . . . determination"); Hodgson v. Man Fin. Inc., No. 06-1944, 2006 WL 3861068, at *1 (E.D. Pa. Dec. 29, 2006)

("Because there are significant factual issues governing [the choice of law] question, this is not a decision which should be made merely on allegations in the Third Party Complaint and briefs, but should await conclusion of discovery."). At this stage in the litigation, a choice of law decision would be premature. I will therefore deny State Farm's motion to dismiss on the ground that the law of Delaware, not Pennsylvania, applies.

      An appropriate Order follows.