IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP GODDARD | : | CIVIL ACTION |
| | : | NO.  11-6309 |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE COMPANY | : | |

O'NEILL, J.                                                            January 16, 2014

## MEMORANDUM

Plaintiff Phillip Goddard sued State Farm Mutual Automobile Insurance Company for breach of contract and bad faith arising from defendant's refusal to pay uninsured/underinsured motorist (UM/UIM) benefits to Goddard.  Presently before me is defendant's second motion for summary judgment and plaintiff's response thereto.[1]  For the reasons that follow, I will grant defendant's motion.

## BACKGROUND

Goddard was in an automobile accident in Philadelphia on August 6, 1998 that occurred due to the negligence of an uninsured or underinsured driver.  Dkt. No. 3 at ¶¶ 7-8.  According to police reports, Goddard was on the Schuylkill Expressway when he was involved in two impacts.  Dkt. No. 35 at ¶ 5.  The first impact occurred when Michael Grant struck Goddard's car in the rear in heavy traffic and was described as minor.  Id.  This impact rendered Goddard's car temporarily inoperable and a second car driven by Michael Bogan then also struck Goddard's car

---

[1]     State Farm previously filed a motion for summary judgment asserting that Delaware law barred plaintiff's claims. Dkt. No. 29.  I denied that motion and concluded that Pennsylvania law applied.  Dkt. No. 32.  State Farm now moves for summary judgment based on Pennsylvania law.  Dkt. No. 35.

in the rear.  Id.  It is unknown whether Michael Grant was insured for the 1998 accident;

however, Michael Bogan, the driver of the second car that struck Goddard, carried $25,000.00 of

liability coverage.  Id. at ¶ 6.  Goddard suffered injuries as a result of this accident and made a

claim under the UM/UIM provision of his State Farm policy.[2]  Id. at ¶¶ 7-10.

Goddard's State Farm policy contained a cooperation clause detailing the insured's duties

after reporting a claim.  Dkt. No. 35 at ¶ 8.[3]  Between December, 1998 and February, 1999

Goddard failed to comply with State Farm's several requests for an independent medical

examination.  Dkt. No. 3 at ¶ 17; Dkt. No. 35 at 47-74.  The parties selected a neutral arbitrator

in Delaware on June 29, 2005 and between September, 2005 and February, 2007 State Farm

revived its attempts to acquire a medical examination of Goddard to no avail.  Dkt. No. 18-1 at

18; Dkt. No. 35-2 at 33-50.  On September 22, 2005 State Farm conditioned the arbitration of

Goddard's UM/UIM claim on his completion of a medical examination.  Dkt. No. 35 at ¶ 46.

After disciplinary action was taken against Goddard's attorney, Allen Feingold, Goddard

obtained new counsel who contacted State Farm on February 2, 2007 requesting to proceed to

arbitration.[4]  Dkt. No. 3 at ¶ 18.  State Farm ultimately denied Goddard's claim and closed his

file in 2007, citing both his failure to permit a medical exam and State Farm's belief that the

statute of limitations on Goddard's claim had expired.  Dkt. No. 18-1 at 29, 31.  Plaintiff filed the

instant action October 7, 2011.  Dkt. No. 3.

---

[2]     Plaintiff's amended complaint indicates that Goddard seeks "underinsured and /or
uninsured motorist benefits" from State Farm.  Dkt. No. 3 at 1.

[3]     The State Farm policy requires that "the person making claim also shall . . . be examined
by physicians chosen and paid for by us as often as we reasonably may require.  A copy of the
report will be sent to the person upon written request.  If the person is dead or unable to act, his
or her legal representative shall authorize us to obtain all medical reports and records."  Dkt. No.
35 at ¶¶ 8-9, citing Exhibit C at Policy Form page 5, ¶ 5.

[4]     Feingold was suspended from the practice of law in March, 2006, and was disbarred in
August, 2008.  Dkt. No. 4 at 70-82.  Goddard hired new counsel to represent him in the present
matter on May 22, 2012.

In its second motion for summary judgment State Farm argues that Goddard violated the cooperation clause in his policy with State Farm by refusing to submit to a medical examination after the accident.  Dkt. No. 35 at ¶¶ 31-42.  State Farm claims that it has been deprived of its opportunity to "assess plaintiff's condition following the accident, determine the legitimacy of those injuries, to the extent possible separate the injuries allegedly caused by the two tortfeasors, and separate the alleged injuries in the accident from any injuries or naturally occurring conditions plaintiff may have suffered since 1998."  Id. at ¶ 40.  Therefore, State Farm claims that it acted reasonably in denying Goddard's claim due to his breach of the cooperation clause. Id. at ¶¶ 61-69.  State Farm also asserts that Goddard's first-party bad faith claim is time barred by the two year statute of limitations because State Farm's allegedly frivolous and unfounded conduct occurred between April 11, 2006 and February 7, 2007 when State Farm closed Goddard's file and Goddard did not file his complaint until October 7, 2011.  Id. at ¶¶ 48-52. Finally, State Farm claims that Goddard's claims must be dismissed because no common law bad faith cause of action exists in the first-party context.  Id. at ¶¶ 53-60.[5]

Goddard argues that State Farm has waived its argument regarding breach of the cooperation clause because "there is no mention of this supposed non-cooperation in State Farm's answer to the complaint."  Dkt. No. 36 at 3.  He claims that State Farm's argument "likewise did not surface in the final correspondence leading to the aborted attempt to schedule the arbitration hearing."  Id. at 3.  Goddard further contends that State Farm did not demonstrate that it suffered any prejudice from the lack of a medical examination.  Id. at 4.  He claims that

---

[5]     I find nothing in plaintiff's complaint or response to defendant's motion for summary judgment indicating that plaintiff's bad faith claim is based upon the common law.  Rather, plaintiff alleges violation of Pennsylvania statute 42 Pa. C.S.A. § 8371 which serves as the basis of his bad faith claim against State Farm.  Dkt. No. 3 at ¶ 29.  The Pennsylvania bad faith statute clearly creates a cause of action in the first party context, which Goddard has properly availed himself of here.  Therefore, defendant is not entitled to summary judgment on this basis.

the doctrine of equitable estoppel prevents State Farm from invoking the cooperation clause as a

defense because "defendant has only himself to blame for any delay in this case."  Id. at 4.

Goddard also argues that his bad faith claim was timely filed because the conduct at issue

occurred in December, 2010.  Dkt. No. 36 at 5.  Goddard's response to State Farm's second

motion for summary judgment does not address the issue of whether Pennsylvania recognizes a

bad faith cause of action.

**STANDARD OF REVIEW**

Summary judgment will be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the burden of demonstrating that "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); see Celotex, 477 U.S. at 322-23.  If the movant sustains its burden,

the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A dispute as to a material fact is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  Id.  A fact is "material" if it might affect the outcome of the case under governing law.

Id.

To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including
> depositions, documents, electronically stored information, affidavits
> or declarations, stipulations (including those made for purposes of the
> motion only), admissions, interrogatory answers, or other materials;
> or

> (B) show[ ] that the materials cited do not establish the absence or
> presence of a genuine dispute, or that an adverse party cannot produce

4

admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The adverse party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant.  Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

## DISCUSSION

### I.      Statute of Limitations

Plaintiff claims that State Farm acted in bad faith in violation of 42 Pa. Cons. Stat. § 8371.  Dkt. No. 3 at ¶ 29.  In its motion for summary judgment defendant asserts that plaintiff's statutory bad faith claims are time barred.  Dkt. No. 35 at ¶¶ 43-52.  I disagree with defendant and find that the statutory period was tolled by plaintiff's petition to compel arbitration.

Defendant bears the burden of establishing as a matter of law that plaintiff's claims are barred by the statute of limitations.  See e.g., Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 487 (3d Cir. 1985).  The Court of Appeals has held that an action under § 8371 is subject to a two-year statute of limitations.  Haugh v. Allstate Ins. Co., 322 F.3d 227, 236 (3d Cir. 2003).  In general, the statute of limitation begins to run when a right to institute and maintain suit arises.  A bad faith claim arises upon a "frivolous or unfounded refusal to pay proceeds of a policy."  Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 224-25 (3d Cir. 2005) (internal citations omitted).  Additionally, because "[plaintiff] may not separate initial and continuing refusals to provide coverage into distinct acts of bad faith," in this case the statute of

limitations began to run upon Goddard's first notice of State Farm's allegedly frivolous or unfounded refusal to pay policy proceeds. Sikirica at 225, citing Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1042 (Pa. Super. Ct. 1999). "Repeated or continuing denials of coverage do not constitute separate acts of bad faith giving rise to a new statutory period." Skirica, 416 F.3d at 225. Finally, pursuant to § 171.24 of the Pennsylvania Code, a plaintiff's motion to compel arbitration serves to toll the statute of limitations. 37 Pa. Code § 171.24; see also Boyle v. State Farm Mut. Auto. Ins. Co., 456 A.2d 156, 163 (Pa. Super. Ct. 1983).

Goddard and State Farm disagree on which event causes the statute of limitations to begin to run. Plaintiff claims that "[d]efendant's refusal to proceed with the arbitration hearing occurred in December of 2010." Dkt. No. 36 at 5. However, plaintiff has not identified precisely which activity or correspondence is the basis of this alleged refusal. Defendant denies that it engaged in any frivolous or unfounded refusals to pay benefits but supposes that its September 22, 2005 letter conditioning the arbitration of Goddard's UM/UIM claim on his completion of a medical examination is the only conduct that could form the basis of plaintiff's claim. Dkt. No. 35 at 26. Ultimately this disagreement does not affect my statute of limitations analysis because plaintiff's March 21, 2001 Petition to Compel Arbitration tolls the statute of limitations regardless of whether it was triggered in 2005 or 2010. Dkt. No. 35-2 at 1 (Exhibit P). Therefore, I find that the statutory period has not run, and defendant is not entitled to summary judgment on that basis.

## II.      Breach of Cooperation Clause

Defendant seeks summary judgment on plaintiff's claims of bad faith and breach of contract based on plaintiff's prejudicial breach of the cooperation clause in his insurance policy with State Farm. Dkt. No. 35 at ¶¶ 31-42. To prevail, defendant must establish that Goddard

6

breached a material term of the insurance contract, and that the breach resulted in prejudice to State Farm.  I will grant summary judgment for defendant and find as a matter of law that Goddard's refusal to participate in a medical examination was a material breach of his insurance policy that did result in prejudice to State Farm.

A.    **Materiality and Prejudice**

A prejudicial breach of the cooperation clause of an insurance policy relieves the insurer of its obligations under the policy.  Conroy v. Commercial Cas. Ins. Co., 140 A. 905, 907 (Pa. 1928).  However, "[a] failure to cooperate must be substantial and will only serve as a defense where the insurer has suffered prejudice because of the breach."  Forest City Grant Liberty Assocs. v. Genro II, Inc., 652 A.2d 948 (Pa. Super. Ct. 1994).  Additionally, "an insurance company bears the burden of establishing that it has been materially prejudiced by a failure to cooperate."  Brakemann v. Potomac Ins. Co., 371 A.2d 193,196 (Pa. 1977).

Where an insurer seeks to avoid liability for lack of cooperation, usually the question of whether there has been a material breach is a question of fact for the jury.  See e.g., Donaldson v. Farm Bureau Mut. Auto. Ins. Co., 14 A.2d 117, 118 (Pa. 1940).  But where the lack of cooperation is conclusively established, as it is here, I may find that there has been a material breach as a matter of law.  Cameron v. Berger, 7 A.2d 293, 295-96 (Pa. 1938); see also Murphy v. Fed. Ins. Co., 206 Fed. Appx. 143, 148-49 (3d Cir. 2006); Chanel Inc. v. The Jupiter Group, Inc. et al., No. 04-1540, 2007 WL 1247032, at *2 (M.D. Pa. Apr. 27, 2007).  The plain language of the cooperation clause in Goddard's policy and the correspondence between Goddard and State Farm appended to both parties' fillings conclusively establish that Goddard was required to submit to a medical examination in order to recover under his policy, and that he repeatedly failed to do so.  Goddard's lack of cooperation persisted despite at least six written requests over

1.5 years.  Dkt. No. 18-1 at 22, 24-25, 27-29.  The record reflects that Goddard received and

responded to at least five of these written requests, remaining nonresponsive to scheduling the

medical examination or reiterating his unwillingness to cooperate.  Id. at 24, 26, 30, 32, 34.

Similarly, prejudice may be established as a matter of law.  See Metal Bank v. Insurance

Co., 520 A.2d 493, 498 (Pa. Super. 1987); Hyde Athletic Indus., Inc., v. Continental Cas. Co.,

969 F. Supp. 289, 300 (E.D. Pa. 1997).  The determination of prejudice is "highly circumstance

dependent."  Vanderhoff v. Harleysville Ins. Co., 78 A.3d 1060, 1067 (Pa. 2013), citing

Nationwide Ins. Co. v. Schneider, 960 A.2d 442, 452 (Pa. 2008).  In this case, State Farm has

irrevocably been denied the opportunity to evaluate the state of Goddard's health at the time of

his claim, to determine whether all of the conditions for which he sought treatment resulted from

the accident, and to determine whether Goddard's various injuries resulted from one or both

impacts.  Therefore, Goddard's refusal to participate in a medical examination prevented State

Farm from determining the extent to which Goddard's claimed injuries were caused by an

uninsured driver, and thereby the extent of its own liability under the policy, and prevented State

Farm from determining whether it could seek contribution under the policy of the insured driver

of the second impact for the injuries attributable to that driver.  I find that Goddard's failure to

cooperate by submitting to an independent medical examination resulted in prejudice to State

Farm.

**B.      Failure to Raise Affirmative Defense in Responsive Pleadings**

Plaintiff asserts that defendant is precluded from raising this breach of the cooperation

clause defense because it is an affirmative defense not raised in the answer or other responsive

pleading.[6] Dkt. No. 36 at 3-4.  I disagree.

Generally, failure to raise an affirmative defense in a responsive pleading results in waiver. Fed. R. Civ. P. 8(c).  "Courts in this Circuit, however, have taken a more forgiving approach to parties who fail to raise affirmative defenses in an answer, as courts have held that the failure to raise an affirmative defense by responsive pleading or appropriate motion does not always result in waiver."  Sultan v. Lincoln Nat'l Corp., No. 03-5190, 2006 WL 1806463, at *13 (D.N.J. June 30, 2006).  The Court of Appeals has consistently held that a "defendant does not waive an affirmative defense if '[h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'"  Carpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir. 1991).  Therefore, though a motion for summary judgment is "not the most appropriate way to raise a previously unpled defense" it will not result in waiver of the affirmative defense unless the plaintiff is prejudiced.

In determining prejudice I may consider whether plaintiff had notice of defendant's unpled affirmative defense.  Pondexter v. Dep't. of Hous. and Urban Dev., 324 F. App'x 169, 171-72 (2009).  In Pondexter, the plaintiff was put on notice that the defendant would assert a statute of limitations defense three years before the defendant first raised the affirmative defense in its motion for summary judgment, causing the Court of Appeals to conclude that the "[plaintiff] had ample time to explore the issue and prepare a response to [the defendant's] motion for summary judgment . . .  Therefore, [the plaintiff] suffered no prejudice by [the

---

[6]     Possibly, defendant's answer does sufficiently assert the affirmative defense of breach of the cooperation clause. Defendant's "Second Defense" states: "All acts and omissions on the part of State Farm with respect to plaintiff's claim and the evaluation thereof were predicated upon reasonable justifications . . ." Dkt. No. 18 at 5.  I could construe State Farm's argument to be that that the circumstances which it refers to here were Goddard's refusals to comply with the terms of the cooperation clause in his policy by submitting to a medical exam.  Assuming arguendo that the language of the answer is insufficient I will conduct my analysis as if it is.

9

defendant's] delay, and the District Court properly granted summary judgment on [the plaintiff's] claims." Id. at 171-72. In this case, Goddard and State Farm exchanged letters about State Farm's position that Goddard's failure to appear for a medical exam would result in denial of his claim under the policy at least six times between 2005 and 2007. Dkt. No. 18-1 at 21-34. Plaintiff has been on notice for eight years that State Farm predicated its denial of his claim on this failure to cooperate with the request for a medical exam. I find that plaintiff was not prejudiced by State Farm's failure to include its affirmative defense in the answer.

Plaintiff asserts that State Farm should be equitably estopped from raising the defense because State Farm "continued to litigate this matter for years without taking any steps to enforce its alleged right to a defense medical examination," claiming that "[State Farm] may not belatedly attempt to enforce this right now." Dkt. No. 36 at 4. I disagree. Plaintiff filed his amended complaint on October 20, 2011. Defendant appropriately filed its second motion for summary judgment less than one year later, after I ruled that Pennsylvania law applies to this claim, and timely raised the corresponding Pennsylvania law arguments. Further, I see no reason to believe that State Farm missed opportunities to raise this affirmative defense between filing its answer and filling the present motion. Defendant is not equitably estopped from raising its affirmative defense of plaintiff's breach of the cooperation clause because I find that defendant did so in pragmatically sufficient time.

An appropriate Order follows.